IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARK A. WREN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-cv-174-MJR |
| | ) |
| FAYETTE COUNTY JAIL, | ) |
| | ) |
|     Respondent. | ) |

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

    Petitioner brings this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 2007 conviction in state court (St. Clair County, Illinois) for possession of a controlled substance for which he appears to have been placed on probation for 24 months. At the time he filed the instant action, Petitioner was being held pending resolution of federal criminal charges. *See United States v. Wren*, Case No. 3:09-cv-30035 (S.D. Ill.). Petitioner contends that the earlier state conviction is being used against him in the federal criminal case.

    To obtain federal habeas relief, Plaintiff must be "in custody" of the judgment (or other action) being attacked. *See* 28 U.S.C. §§ 2241(c) and 2254(a). In this case, Petitioner's physical custody was not caused by his state conviction, but by an order that Petitioner be detained pending disposition of the federal criminal charges against him. *United States v. Wren*, Case No. 3:09-cv-30035 (S.D. Ill., order granting detention filed May 15, 2009). Custody for purposes of habeas corpus, however, goes beyond physical confinement and includes significant restraints on liberty not shared by members of the general public.

    Assuming for the sake of argument that Petitioner is "in custody" of his 2007 state

conviction, then to collaterally attack that conviction Petitioner must proceed by means of a habeas corpus petition pursuant to 28 U.S.C. § 2254 and not § 2241. *See Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). There is no indication that Petitioner previously sought a writ of habeas corpus pursuant to § 2254 with respect to his 2007 state conviction. Consequently, this Court could re-characterize the instant action as Petitioner's first § 2254 action challenging his 2007 state conviction.

However, before this Court may re-characterize the instant § 2241 action as one under § 2254, it must first give Petitioner notice that any subsequent § 2254 action may be subjected to the restrictive conditions imposed by federal law on "second or successive" § 2254 petitions, 28 U.S.C. § 2244(3)(a), and provide Petitioner an opportunity to withdraw or amend his pleading. *Castro v. United States*, 540 U.S. 375, 377 (2003).

### DISPOSITION

**IT IS HEREBY ORDERED** that Petitioner's claim for relief pursuant to 28 U.S.C. § 2241 is summarily **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.

The Court notifies Petitioner that it intends to re-characterize the instant action as one seeking relief under 28 U.S.C. § 2254. Petitioner, however, is **ADVISED** that if this Court re-characterizes the instant action as Petitioner's first § 2254 action, then any subsequent § 2254 action Petitioner files with respect to his 2007 state conviction may be subjected to the restrictive conditions imposed by federal law on "second or successive" § 2254 actions. *See* 28 U.S.C. § 2244(3)(a).

Before this Court re-characterizes the instant action as Petitioner's first § 2254 motion, however, Petitioner will be afforded an opportunity to withdraw the action or, alternatively, to amend his pleading.  Accordingly, **IT IS FURTHER ORDERED** that if Petitioner desires to either withdraw this action or amend his pleading, he must do so in a writing filed with the Court no later than August 16, 2010.

**IT IS FURTHER ORDERED** that if Petitioner fails to notify the Court, in writing, within the time specified, that he is withdrawing the action, then the Court will proceed to re-characterize it as one under § 2254.  If, in lieu of withdrawing the action, Petitioner timely files an amendment to his pleading, then the action will be re-characterized as so amended.  If, Petitioner fails to timely withdraw the action and fails to timely amend his pleading, then the Court will re-characterize the action as one under § 2254 based on the existing pleading.

**IT IS SO ORDERED.**

**DATED this 23rd day of July, 2010.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**